**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4038**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHNNY C. SMITH, II,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:15-cr-00242-WO-1)

Submitted: August 18, 2016          Decided: August 22, 2016

Before WILKINSON, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnny C. Smith, II, pled guilty to one count of distributing cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(c) (2012). The district court sentenced him to 84 months' imprisonment and five years of supervised release. On appeal, Smith's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, that there are no meritorious grounds for appeal, but questioning whether the district court erred when it imposed Smith's sentence. Smith was informed of his right to file a pro se supplemental brief but has not done so. Finding no error, we affirm.

We review Smith's sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). "The first step in this review requires us to 'ensure that the district court committed no significant procedural error, such as . . . improperly calculating . . . the Guidelines range.'" United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008) (quoting Gall, 552 U.S. at 51). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. At this stage of review, we presume that a sentence within a properly calculated guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). Additionally, we "review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear

2

error." United States v. Slade, 631 F.3d 185, 188 (4th Cir. 2011) (quotation and citation omitted).

We have reviewed the record and find Smith's sentence is both procedurally and substantively reasonable. The district court did not err when it reduced the drug quantity attributable to Smith. The district court correctly determined Smith faced an adjusted offense level, absent the career offender guideline, of twenty-five, and a criminal history category of three. Finally, the district court reasonably determined that a sentence within Smith's advisory guideline range of 70 to 87 months was appropriate.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smith.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED